United Hay, LLC v Harounian (2024 NY Slip Op 05151)

United Hay, LLC v Harounian

2024 NY Slip Op 05151

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 657310/17 Appeal No. 2846-2846A Case No. 2023-06320 

[*1]United Hay, LLC, Plaintiff-Respondent,
v
Jacob Harounian, Defendant-Appellant.

Todd C. Steckler, Oceanside, for appellant.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 25, 2023, in favor of plaintiff and against defendant in the total amount of $8,895,890.41, and bringing up for review an order, same court and Justice, entered July 3, 2023, which granted plaintiff's motion for summary judgment on its cause of action for conversion and denied defendant's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff established its entitlement to summary judgment on the cause of action for conversion (first cause of action) by submitting evidence demonstrating that it had a possessory right in the property and that defendant interfered with the property in derogation of plaintiff's rights (see Colavito v NY Organ Donor Network, Inc., 8 NY3d 43, 50 [2006]). Defendant's own admissions on summary judgment and at his deposition establish that although he was a signatory on the plaintiff's bank accounts, he was not a member of plaintiff when he withdrew $5 million and deposited it into his own account. The sole justification he gave for his action was that he feared that his son, plaintiff's manager, would otherwise steal the funds, but this assertion, even assuming it to be true, does not provide a defense.
We reject defendant's argument that factual issues existed as to his right to retain the funds because one of plaintiff's prior tax returns characterized the $5 million as a distribution rather than as an exchange, which is how plaintiff characterized the amount in an amended tax return. This Court has already rejected the defense of tax estoppel, which defendant asserted in his prior appeal (United Hay, LLC v Harounian, 213 AD3d 443, 444 [1st Dept 2023]). As amended tax returns make clear, the $5 million was the subject of dispute and litigation between the parties, and plaintiff has made no concession that defendant is entitled to the $5 million.
Contrary to defendant's position, plaintiff was not required to make a demand for the return of the property, as defendant was not authorized to pay over the $5 million to himself and he therefore did not come into possession of the property lawfully (see Core Dev. Grp. LLC v Spaho, 199 AD3d 447, 448 [1st Dept 2021]; LoPresti v Terwilliger, 126 F3d 34, 42 [2d Cir 1997]). In any event, plaintiff did demand the funds back in writing and defendant refused that demand.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024